**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF TEXAS**

--------------------------------X

CANDICE JONES,                                    :            3:25 Civ. 01616 ___

               Plaintiff,            :

          against                        :            **COMPLAINT**

DALLAS AREA RAPID TRANSIT,           :

            Defendant.            :            JURY TRIAL DEMANDED

--------------------------------X

**COMPLAINT**

Candice Jones, by and through her attorney, Joslyn R. Smith of the Law Office of J.R. Smith,

PLLC, alleges and states as follows:

**<u>PRELIMINARY STATEMENT</u>**

     1.     The Plaintiff, Candice Jones, brings this action against Dallas Area Rapid Transit

("DART"), for violations of for violations of Title VII of the Civil Rights Act of 1964 (Title VII)

(42 U.S.C. § 2000e).

     2.     Defendant hired Candice Jones on December 15, 2015, on a temporary basis in the

Marketing Department.  She was promoted to a full-time job on February 15, 2016 within the

marketing department. During her tenure at DART, Candice Jones received favorable performance

reviews until she began filing complaints of discrimination. Despite Candice Jones's achievements,

Defendant discriminated against her and retaliated against her. On June 2, 2025, after ten (10)

years of service to DART, Defendant summarily fired Candice Jones.

## JURISDICTION

3.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 because this is a civil action arising under the Title VII.

## VENUE

4.      Venue is proper in this district under 42 U.S.C. § 2000e-5(f)(3), because the unlawful employment practice was committed in the Northern District of Texas, and the relevant employment records are maintained in this district, and DART has its principal office in this district, and there is no other district that has substantial connection to the claim.

## CONDITIONS PRECEDENT

5.      On February 9, 2024, and again on February 11, 2025, Candice Jones timely filed charges of race discrimination and retaliation with the Equal Employment Opportunity Commission (EEOC).

6.      On or about March 26, 2025, the EEOC issued Candice Jones a Notice of Right to Sue. This Complaint has been filed within 90 days of receipt of that notice.

## PARTIES

7.      Candice Jones resides in The Colony, Texas. The plaintiff is a citizen of Texas.

8.      Candice Jones is an employee, as defined by Title VII. Candice Jones worked for DART as a Coordinator of Maintenance in Dallas, Texas, from approximately November 2020

through approximately June 2025. Prior to this position, Plaintiff began employment as a temporary worker in 2015, granted full time employment status approximately a year later in the Marketing Department, where she worked for approximately four years until her transfer to maintenance operations in 2020.

9.      Upon information and belief, DART is a Texas non-profit government corporation with corporate headquarters located in Dallas, Texas. DART maintains offices and does business in Dallas, Texas. DART is an employer as defined by Title VII and employs approximately 3,800 workers.

## FACTS

10.      Candice Jones began working for Defendant February of 2015 as a temporary worker.

11.      During her tenure, Candice Jones was promoted to full time employee in 2016 for the marketing department, and later transferred to maintenance operations around November 2020, where she has held various positions, her most recent as a coordinator of maintenance operations.

12.      On or about 2019, Jones began suffering poor performance reviews after claiming retaliation against a supervisor Robbie Douglas, despite having previously high-performance reviews.

13.      Jones alleged retaliation by Robbie Douglas as the reason for her poor performance reviews, and filed a complaint with DART's Employee and Labor Relations Department (ELR), who found "This is a very troubling case that either involves "coincidental" occurrences that have

no connection to the complaint made by the Complainant or represent a direct correlation between the two" and upgraded Jones' 2019 performance review to an acceptable 3.0 rating in 2020.

14.    July 2022, Defendant began to marginalize Candice Jones by reassigning her tasks to other employees, specifically a younger Hispanic female (Banegas) who started on or about the same time as Jones.

15.    For example, Chad Jeffrey (Jeffrey), the Senior Manager of Operations Support Services & Business Operations, promoted Banegas from an employment level position of 105 to 109 over Jones, despite verbal promises to promote Jones and provide her with a raise.

16.     Jeffrey promoted Banegas again from an employment level of 109 to 112 in January 2023 and provided Banegas with another promotion to employment level 115 mid 2023 over Jones.

17.    Jeffery marginalized Candice Jones while treating similarly situated employees more favorably who did not share the same race as Candice Jones, i.e. Banegas.

18.    As a result, on July 14, 2023, Candice Jones complained to DART's Employee and Labor Relations Department (ELR) about Jeffrey's discriminatory treatment. Specifically, Candice Jones told ELR that Jeffrey called her the on the first day back from her short term disability about the location of a DART laptop, heater/fan, and other office items he allowed DART personnel to take from her office during her leave, and that she needed to "sit back there, that door with a window… and sign for packages", a job that Banegas normally performed, and otherwise berated her where other coworkers could here.

19.    On February 9, 2024, Jones filed her first EEOC complaint alleging racial discrimination.

20.    Jones filed another complaint with the ELR on March 28, 2024, alleging retaliation from the 2023 complaint, which was still unresolved, that included Jeffrey allowing Banegas to assign Jones work without the authority to do so. This caused confusion and resulted in Jones being held responsible for accounts that were assigned to her by Banegas, not Jones' supervisor, in which she received negative performance reviews as a result.

21.    As a result of Candice Jones's complaint to ELR and the EEOC, Defendant subjected Candice Jones to unlawful retaliation. In particular, she was given a written warning for poor performance and insubordination and placed on a PIP (performance improvement plan), and continued to receive lower and lower performance ratings on April 25, 2024.

22.    On October 14, 2024, DART's civil rights manager, Darrell Caldwell, found that DART had violated its Administrative Employee Manual, DART Policy 5B.5, substantiating Jones' allegation of discrimination in Jones being denied an opportunity to compete for a pay increase.

23.    On February 11, 2025, Jones filed another EEOC complaint, this time alleging retaliation as a result of her discrimination complaint in 2024, specifically retaliation in the form of being written up, put on a performance review, rated poorly on progress reports, denied merit increases, denied bonuses despite performing her duties for over 4 years in the same department.

24.     Only three and a half months after Candice Jones complained of discrimination, on June 2, 2025, Defendant summarily fired Candice Jones. Defendant claimed they fired Candice Jones for violations of the DART Administrative Employment Manual, Section 9.2, specifically:

(a)     Subsection B: violation of any regulations, policies, laws, safety rules, or any conduct, lack of action which impairs the efficiency, or which has an adverse impact on DART, one of its employees, or a member of the public,

(b)     Subsection E: Conduct that is illegal, or would reflect negatively on DART, may be the basis of discharge,

(c)     Subsection G: Poor performance or productivity as determined by the immediate supervisor, and

(d)     Subsection L: Insubordination, willful neglect of duty, or disobedience of reasonable instructions or directions by a supervisor.

25.     The Notice of Intent to Terminate laid out specific reasons, such as receiving a disconnect notice from Atmos and "a potential risk to the continuity of service for DART customers" as well as failure to set up a new account, specifically for a new vendor Synergy claiming that her inactions "resulted in a crisis".

26.     The Notice of Intent to Terminate outlines factual inaccuracies and warped representations of the truth in order to facilitate the termination of Jones.

27.     Attached hereto as Exhibit 1 is Plaintiff's original EEOC Complaint, Exhibit 2 is Plaintiff's second EEOC complaint, and Exhibit 3 is Defendant's Notice of Intent to Terminate.

6

## COUNT ONE

### Race Discrimination in Violation of Title VII of the Civil Rights Act of 1964
### (42 U.S.C. §§ 2000e et al.)

28.     Candice Jones repeats and realleges paragraphs 1 through 27 hereof, as if fully set forth herein.

29.     Candice Jones is black female and qualified for her position when Defendant fired her.

30.     In addition, Chad Jeffrey marginalized Candice Jones while treating similarly situated employees more favorably. Specifically, providing promotions and raises to other employees who are not black.

31.      Candice Jones suffered damages because of Defendant's unlawful discriminatory actions, including emotional distress, past and future lost wages and benefits, and the costs of bringing this action.

32.     The defendant intentionally violated Candice Jones's rights under Title VII, with malice or reckless indifference, and, as a result, is liable for punitive damages.

## COUNT TWO

### Retaliation in Violation of Title VII of the Civil Rights Act of 1964
### (42 U.S.C. §§ 2000e et al.)

33.     Candice Jones repeats and realleges paragraphs 1 through 32 hereof, as if fully set forth herein.

34.     On February 9, 2024, Candice Jones engaged in protected activity by complaining to Equal Employment Opportunity Commission about DART's discriminatory treatment based on Candice Jones's race.

35.     On February 11, 2025, Candice Jones engaged in a protected activity by complaining to the Equal Employment Opportunity Commission about retaliation because of the February 9, 2024 complaint.

36.     Only three and a half months after Candice Jones complained of race discrimination and retaliation, Defendants summarily fired Candice Jones on June 2, 2025, purportedly because her acts or omissions were violations of the DART Administrative Employment Manual, Section 9.2, specifically:

(a)     Subsection B: violation of any regulations, policies, laws, safety rules, or any conduct, lack of action which impairs the efficiency, or which has an adverse impact on DART, one of its employees, or a member of the public,

(b)     Subsection E: Conduct that is illegal, or would reflect negatively on DART, may be the basis of discharge,

(c)     Subsection G: Poor performance or productivity as determined by the immediate supervisor, and

(d)     Subsection L: Insubordination, willful neglect of duty, or disobedience of reasonable instructions or directions by a supervisor.

37.    Defendant's stated reason for terminating Candice Jones's employment is pretextual and baseless. Defendant fired Candice Jones because she complained of race discrimination and retaliation February 2024 and February 2025.

38.    Candice Jones suffered damages because of Defendant's unlawful retaliatory actions, including emotional distress, past and future lost wages and benefits, and the costs of bringing this action.

39.    Defendants intentionally violated Candice Jones's rights under Title VII, with malice or reckless indifference, and, as a result, are liable for punitive damages.

## PRAYER

**WHEREFORE**, Plaintiff Candice Jones respectfully prays for a judgment as follows:

A. Award Plaintiff for her past and future loss of wages and benefits, plus interest;

B. Order Defendant to reinstate Plaintiff to a position comparable to her former position or, in lieu of reinstatement, award her front pay (including benefits);

C. Award to Plaintiff all costs and reasonable attorneys' fees incurred in connection with this action;

D. Award to Plaintiff compensatory damages;

E. Award to Plaintiff punitive damages; and

F. Grant Plaintiff such additional or alternative relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims properly triable by a jury.

Date: June 23, 2025

Respectfully,

LAW OFFICE OF J.R. SMITH
By:/s/ Joslyn R. Smith
Joslyn R. Smith
Texas State Bar:  24117080
4805 Neptune Ct.
Flower Mound, TX 75022
682-900-1799 (phone)
940-298-7827 (fax)
js@lojrs.com

**ATTORNEY FOR PLAINTIFF**

**EXHIBIT 1**

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | EEOC<br>FEPA | **450-2024-01672** |

| **Texas Workforce Commission Civil Rights Division** | and EEOC |
|---|---|
| *State or local Agency, if any* | |

| I Name *(indicate Mr., Ms., Mrs., Miss, Mx., Dr., Hon., Rev.)* | Home Phone | Year of Birth |
|---|---|---|
| Ms. Candice Jones | (214) 777-3223 | 1968 |

| Street Address |
|---|
| 6309 Fall River Dr.<br>THE COLONY, TX 75056 |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| Dallas Area Rapid Transit | | |

| Street Address |
|---|
| 1401 Pacific<br>DALLAS, TX 75202 |

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

| DISCRIMINATION BASED ON | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| | Earliest — Latest |
| Race, Retaliation | 06/01/2022    01/18/2024 |
| | Continuing Action |

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I. PERSONAL HARM:

I am an African-American female who has been working for Respondent, Dallas Area Rapid Transit, since on or around December 2015. I am still employed.

I believe my supervisor has been discriminating against me because I am an African-American woman. I have not been promoted or given the proper training since my return from short-term disability leave that started on or around January 2023 and ended on or around July 2023.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct.<br><br>**Digitally Signed By: Ms. Candice Jones**<br>02/09/2024<br><br>*Charging Party Signature* | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |

Page 1 of 3

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | EEOC  FEPA | 450-2024-01672 |

| | Texas Workforce Commission Civil Rights Division | and EEOC |
|---|---|---|
| | *State or local Agency, if any* | |

Prior to this, my supervisor has allocated my duties and titles to another coworker, who is a Hispanic female. My coworker and I both started around the same time as 105. I have previously requested to my supervisor about getting more money and being promoted. There has not been a position to apply to for either myself or my coworker.

My supervisor stated he will adjust my salary when he can and provide a promotion, but he did not. Instead, he began to give my duties and titles to my coworker and gave her the position of 109 in or around the middle of 2022.

My supervisor did this again in January 2023 and gave my coworker the position of 112, despite him agreeing and stating that he would give me that position and promote my coworker to 115.

I believe my coworker was able to be promoted above me because she has filed multiple complaints about her pay.

Despite me filing a complaint about this issue in July 14, 2023 to Human Resources, nothing has been remedied about my situation. I have not received training since I came back from my short-term disability up until this day and I cannot progress in my career as a result.

My position was moved up to 106, and I received a 3% increase in salary because everyone received this increase. However, my coworker received an increase in salary and duties because she was promoted to a higher position despite both of us qualifying for that position.

I am aware of other African-Americans who have been discriminated against to include Doris Pratt, who is a supervisor, but a non-supervisor of a different race was given an office. Doris was provided a cubical instead. I am also aware that other African-Americans had to clock-in where as others did not have to and their statuses were changed to exempt among other situations.

II.RESPONDENT'S REASON FOR ADVERSE ACTION:

My supervisor has not stated a specific reason for why he did not give me a promotion. He has not provided training.

III.DISCRIMINATION STATEMENT:

I believe that I was discriminated against because of my race, African American, in violation of Title VII of the Civil Rights Act of 1964, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct.  **Digitally Signed By: Ms. Candice Jones**  02/09/2024    *Charging Party Signature* | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT    SUBSCRIBED   AND   SWORN   TO   BEFORE   ME   THIS   DATE (*month, day, year*) |

CP Enclosure with EEOC Form 5 (11/09)

**PRIVACY ACT STATEMENT:** Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1. **FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (11/09).

2. **AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

3. **PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4. **ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5. **WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

## NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so <u>within 15 days</u> of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

## NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

**EXHIBIT 2**

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## CHARGE OF DISCRIMINATION

EEOC Form 5A (August 2023)

For Official Use Only – Charge Number:
450-2025-04420

| | |
|---|---|
| **Personal Information** | First Name: Candice    MI: _____  Last Name: Jones<br>Address: 6309 Fall River Dr.    Apt.: _____<br>City: The Colony    County: Denton    State: TX    Zip Code: 75056<br>Phone: 214-777-3277    Home ☐  Work ☐  Cell ☑  Email: jonescn66@yahoo.com |
| **Who do you think discriminated against you?** | Employer ☑    Union ☐    Employment Agency ☐    Other Organization ☐<br>Organization Name: Dallas Area Rapid Transit<br>Address: 1401 Pacific    Suite: _____<br>City: Dallas    State: TX    Zip Code: 75201    Phone: _____ |
| **Why you think you were discriminated against?** | Race ☐    Color ☐    Religion ☐    Sex ☐    National Origin ☐    Age ☐    Pregnancy ☐<br>Disability ☐    Genetic Information ☐    Retaliation ☑    Other (*specify*) |
| **What happened to you that you think was discriminatory?** | Date of <u>most recent job action</u> you think was discriminatory: March 2024<br>Also describe briefly <u>each job action</u> you think was discriminatory and when it happened (estimate).<br>Because I filed a discriminatory claim with the EEOC I have been retaliated against by my employer in the form of being written up, rated poorly on progress reports, denied meritt increase, denied bonuses, etc. I have performed the same duties for over 4 yrs. and have never recieved a write up or action |
| **Signature and Verification** | I understand this charge will be filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address, phone, or email. I will cooperate fully with them in the processing of my charge in accordance with their procedures.<br><br>I understand by signing below that I am filing a charge of employment discrimination with the EEOC. I understand that the EEOC is required by law to give a copy of the charge, which includes my allegations and my name, to the organization named above. I also understand that the EEOC can only investigate charges of job discrimination based on race, color, religion, sex, national origin, age, disability, genetic information, or based on retaliation for filing a charge of job discrimination, participating in an investigation of a job discrimination complaint, or opposing job discrimination.<br><br>I declare under penalty of perjury that the above is true and correct.<br><br>Signature: _____    Date: _____ |

Candice Jones    2/11/2025

**EXHIBIT 3**

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Dallas District Office**
207 S. Houston Street, 3rd Floor
Dallas, TX 75202
(800) 669-4000
Website:  www.eeoc.gov

## DISMISSAL AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 03/26/2025

**To:** Ms. Candice Jones
6309 Fall River Dr.
THE COLONY, TX 75056
Charge No: 450-2025-04420

EEOC Representative and email:       DEIDRA HENRY
Investigator
Deidra.Henry@eeoc.gov

---

## DISMISSAL OF CHARGE

The EEOC is closing this charge because the facts alleged in the charge fail to state a claim under any of the laws enforced by EEOC.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign in to the EEOC Public Portal and upload the court complaint to charge 450-2025-04420.

On behalf of the Commission,

Digitally Signed By:Travis Nicholson
03/26/2025

Travis Nicholson
District Director

**Cc:**
1407 Pacific Ave
Dallas, TX 75201


Please retain this notice for your records.

Enclosure with EEOC Notice of Closure and Rights (01/22)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

### IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA, the ADEA, or the PWFA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA, the ADEA or the PWFA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of this Notice and within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

### ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

### HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a Freedom of Information Act (FOIA) request or 2) a "Section 83" request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of this notice, please submit your FOIA and/or Section 83 request for the charge file promptly to allow sufficient time for EEOC to respond and for your review.

**To make a FOIA request for your charge file**, submit your request online at https://eeoc.arkcase.com/foia/portal/login (this is the preferred method).  You may also submit a FOIA request for your charge file by U.S. Mail by submitting a signed, written request identifying your request as a "FOIA Request" for Charge Number 450-2025-04420 to the

Enclosure with EEOC Notice of Closure and Rights (01/22)

District Director at Travis Nicholson, 207 S. Houston Street 3rd Floor, Dallas, TX 75202.

**To make a Section 83 request for your charge file**, submit a signed written request stating it is a "Section 83 Request" for Charge Number 450-2025-04420 to the District Director at Travis Nicholson, 207 S. Houston Street 3rd Floor, Dallas, TX 75202.

You may request the charge file up to 90 days after receiving this Notice of Right to Sue. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA requests, go to https://www.eeoc.gov/eeoc/foia/index.cfm.

For more information on submitted Section 83 requests, go to https://www.eeoc.gov/foia/section-83-disclosure-information-charge-files.