IN THE UNITED STATE DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CANDICE JONES | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:25-CV-01616 |
| | § | |
| DALLAS AREA RAPID TRANSIT, | § | |
|     Defendant. | § | |

## DEFENDANT DALLAS AREA RAPID TRANSIT'S
## ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT

Defendant Dallas Area Rapid Transit ("DART") files its Answer to Plaintiff's Original Complaint (Doc. 1) pursuant to Federal Rules of Civil Procedure 6a(1)(C), 8 and 12 and answers the allegations contained in each paragraph therein as follows:

### GENERAL DENIAL

Defendant DART, pursuant to Rule 8(b)(3) denies each and every allegation in said Complaint unless expressly admitted herein.

### PRELIMINARY STATEMENT

1. Answering paragraph 1, DART admits the manner in which Plaintiff brings this lawsuit.

2. Answering paragraph 2, DART admits allegations pertaining to the dates Plaintiff was hired on a temporary and fulltime basis in the marketing department. DART also admits the allegations in this paragraph pertaining to the date Plaintiff was terminated. DART denies the remainder of the allegations in this paragraph and demands strict proof thereof. Defendant specifically denies allegations that it discriminated against and/or retaliated against Plaintiff.

### JURISDICTION & VENUE

3. Answering paragraph 3, DART admits this paragraph.

4. Answering paragraph 4, DART admits this paragraph.

## CONDITIONS PRECEDENT

5. Answering paragraph 5, DART admits allegations pertaining to date Plaintiff filed an EEOC charge of discrimination and denies the remainder of the allegations in this paragraph.

6. Answering paragraph 6, Defendant admits this paragraph.

## PARTIES

7. Answering paragraph 7, DART admits this paragraph.

8. Answering paragraph 8, DART admits this paragraph.

9. Answering paragraph 9, DART admits the allegations in this paragraph pertaining to DART's status as an employer and denies the remainder of this paragraph. DART is a governmental entity, a regional public transportation authority created under Chapter 452 of the Texas Transportation Code.

## FACTS

10. Defendant admits this paragraph.

11. Answering paragraph 11, DART admits this paragraph.

12. Answering paragraph 12, DART denies the allegations in this paragraph and demands strict proof thereof.

13. Answering paragraph 13, denies the allegations in this paragraph and demands strict proof thereof.

14. Answering paragraph 14, DART denies the allegations in this paragraph and demands strict proof thereof.

15. Answering paragraph 15, DART denies the allegations in this paragraph and demands strict proof thereof.

16. Answering paragraph 16, DART denies the allegations in this paragraph and demands strict proof thereof.

17. Answering paragraph 17, DART denies the allegations in this paragraph and demands strict proof thereof.

18. Answering paragraph 19, DART denies the allegations in this paragraph and demands strict proof thereof.

19. Answering paragraph 19, DART admits the allegations in this paragraph and demands strict proof thereof.

20. Answering paragraph 20, DART admits the allegations pertaining to the date of Plaintiff's complaint to ELR and denies the remainder of the allegations in this paragraph and demands strict proof thereof.

21. Answering paragraph 21, DART admits that Plaintiff was placed on performance improvement plan and given a written warning regarding her performance. DART denies the remaining allegations in this paragraph and demands strict proof thereof.

22. Answering paragraph 22, DART denies this paragraph.

23. Answering paragraph 23, DART admits the allegations regarding the date Plaintiff filed a second EEOC complaint and denies the remaining allegations in this paragraph and demands strict proof thereof.

24. Answering paragraph 24, DART admits the allegations in this paragraph.

25. Answering paragraph 25, DART admits the allegations in this paragraph.

26. Answering paragraph 26, DART denies the allegations in this paragraph and demands strict proof thereof.

27. Answering paragraph 27, DART admits the allegations in this paragraph.

**COUNT ONE – paragraphs 28-32**
**Race Discrimination in VIOLATION OF**
**Title VII of the Civil Rights Act of 1964 (42 U.S.C. §§ 2000e *et al.*)**

28. - 32. Answering paragraphs 28 - 32, DART denies the allegations in these paragraphs and demands strict proof thereof.

## COUNT TWO – paragraphs 33-39
## Retaliation in Violation of Title VII of the Civil Rights Act of 1964
### (42 U.S.C. §§ 2000e *et al.*)

33. Answering paragraph 33 DART denies the allegations in this paragraph.

34. Answering paragraph 34, DART admits this paragraph.

35. Answering paragraph 35, DART admits this paragraph.

36. Answering paragraph 36, DART admits the allegations in this paragraph.

37. Answering paragraph 37, DART denies the allegations in this paragraph and demands strict proof thereof.

38. Answering paragraph 38, DART denies the allegations in this paragraph and demands strict proof thereof.

39. Answering paragraph 39, DART denies the allegations in this paragraph and demands strict proof thereof.

## PRAYER

40. DART denies that Plaintiff is entitled to the recovery that is requested in whole or on part.

## JURY DEMAND

41. DART acknowledges the jury demand in this paragraph and makes the same demand for trial by jury.

## OTHER DEFENSES

42. Defendant affirmatively pleads that all its employment decisions toward plaintiff were made based on legitimate business reasons and reasonable factors other than Plaintiff's race. Further, Defendant affirmatively pleads that there is no evidence that defendant's reasons for employment decisions toward Plaintiff were pretext for discrimination.

43. Defendant affirmatively pleads that all or some of plaintiff's claims are barred by limitations.

44. Defendant affirmatively pleads that plaintiff has failed to exhaust all administrative remedies for some or all of the claims alleged and that all conditions precedent have not occurred for some or all of the claims alleged herein.

45. Defendant affirmatively pleads that plaintiff cannot establish essential elements of a claim for race discrimination.

46. Defendant affirmatively pleads that it did not discriminate against plaintiff on any basis including race, neither intentionally nor by disparate impact.

47. Defendant affirmatively pleads that it did not retaliate against plaintiff for any reason.

48. Defendant affirmatively pleads that Plaintiff cannot establish that she suffered an adverse employment action that was based on her race.

49. DART further asserts that to the extent any claim herein arises under the laws of the State of Texas; DART is immune from suit and liability due to governmental immunity unless expressly waived by clear and unambiguous statutory language.

50. DART affirmatively asserts that plaintiff has failed to establish the existence of an officially adopted policy or custom of DART that caused or causes injury and a causal connection between that policy or custom and the deprivation of Plaintiff's constitutional rights.

51. DART affirmatively asserts that its actions regarding Plaintiff have at all times been reasonable and taken in good faith and without intent to discriminate against Plaintiff for any reason including her age, race.

52. DART affirmatively asserts that Plaintiff cannot establish a causal link between plaintiff's filing an EEOC charge or other complaint to EEO, ELR or otherwise and any adverse employment action toward plaintiff.

53. DART affirmatively asserts that Plaintiff was not qualified for the promotion or position sought.

54. DART affirmatively asserts that Plaintiff cannot establish a prima facie case of discrimination, retaliation or any other violation of her constitutional rights under Title VII Civil Rights Act 1964, US C. 2000-e, et seq., or the Rehabilitation Act or the Texas Labor Code.

WHEREFORE, Defendant Dallas Area Rapid Transit requests that Plaintiff's Original Complaint and subsequent amended complaints be dismissed with prejudice and that Plaintiff takes nothing by this suit.

Respectfully submitted,

*/s/Joycell Hollins*
Joycell Hollins
Deputy General Counsel - Litigation
State Bar No.24004493
**LEGAL DEPARTMENT**
**DALLAS AREA RAPID TRANSIT**
1401 Pacific Avenue, 1st Floor
**Mailing Address**: P. O. Box 660163
Dallas, Texas 75266-7255
Phone  (214) 749-3088; Fax (214) 749-0281
jhollins@dart.org

## CERTIFICATE OF SERVICE

This is to certify that on September 8, 2025, a copy of this document was served via the Court's ECF filing system upon all counsel of record.

*/s/ Joycell Hollins*
Joycell Hollins
**Attorney for Defendant DART**